UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| PRISCILLA PARIS,<br><br>    Plaintiff,<br><br>vs.<br><br>SRG WATERFRONT, LLC, et al.<br><br>    Defendants. | Case No. 1:24-cv-01526-AHA<br><br>*Assigned to: Hon. Amir H. Ali*<br><br>**DEFENDANTS' MOTION TO VACATE CLERK'S ENTRY OF DEFAULT** |

COMES NOW, Defendants Rajiv Chadha, Mad Rose, Inc., Naeem Mohd, and SRG Waterfront, LLC, by and through the undersigned counsel, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and hereby respectfully moves this Court to vacate the Clerk's entry of default entered against Defendant in this matter. USCS Fed Rules Civ Proc R 55.

In support of this Motion, Defendants state as follows:

1. On September 04 and 09, 2025, the Clerk of this Court entered default against Defendants.

2. Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause." USCS Fed Rules Civ Proc R 55.

3. Courts in the D.C. Circuit generally favor resolution of cases on their merits rather than through default. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).

4. Good cause exists to set aside the entry of default in this case because Defendants have been actively attempting to resolve this matter with Plaintiff.

5. Specifically, Defendants, through undersigned counsel, have had multiple communications with Plaintiff regarding a good faith settlement offer and is waiting for Plaintiff's response.

6. Defendants' active efforts to resolve this matter with Plaintiff demonstrate good faith and constitute good cause for setting aside the entry of default.

7. Setting aside the entry of default would not prejudice Plaintiff, as the litigation stages are early and Plaintiff has not lost any rights in the litigation process.

8. Defendants have meritorious defenses to Plaintiff's claims, including numerous factual disputes to Plaintiff's allegations.

9. The interests of justice would be served by allowing this case to proceed on its merits rather than through default.

10. If the Court grants this motion, Defendants are prepared to file an Answer to Plaintiff's Complaint within fourteen (14) days of the Court's Order.

WHEREFORE, Defendants respectfully request that this Court:

1. Vacate the Clerk's entry of default against Defendants;
2. Allow Defendants to file an Answer to Plaintiff's Complaint; and
3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Faisal Gill
Faisal Gill
Gill Law Firm
1717 Pennsylvania Ave NW Suite 1050
Washington, DC 20006
(310)418-6675
fgill@glawoffice.com

Attorney for Defendants

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE CLERK'S ENTRY OF DEFAULT

I.     INTRODUCTION

Defendants respectfully move this Court to vacate the clerk's entry of default pursuant to USCS Fed Rules Civ Proc R 55. As demonstrated below, good cause exists to set aside the entry of default because defendants' failure to respond was not willful, plaintiff will not be prejudiced by vacating the default, and defendants have meritorious defenses to the claims asserted.

II.    LEGAL STANDARD

Under USCS Fed Rules Civ Proc R 55, a court may set aside an entry of default for "good cause." *Dullea v. Pension Ben. Guar. Corp.*, 320 F.R.D. 100. In resolving a motion to do so, courts consider "whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." *Dullea*, 320 F.R.D. 100. In weighing these factors, "all doubts are resolved in favor of the party seeking relief" from the entry of default. *Id*.

The standard for vacating an entry of default under Rule 55(c) is more lenient than the standard for vacating a default judgment under Rule 60(b). *Darby v. McDonald*, 307 F.R.D. 254. Generally, default is disfavored because courts have a "preference for resolving disputes on their merits." *Darby v. McDonald*, 307 F.R.D. 254.

III.   ARGUMENT

A.     The default was not willful.

The first factor courts consider is whether the default was willful. *Luna v. Rambo*, 273 F.R.D. 346. Here, defendants' failure to respond to the complaint was not willful but rather

resulted from their good faith efforts to resolve the matter directly with plaintiff outside of litigation.

Courts have recognized that defaults may be excused where defendants can provide a satisfactory explanation for their failure to respond.  USCS Fed Rules Civ Proc R 55.  In *Westchester Fire Insurance Co. v. Tyree Service Corp.*, 304 F.R.D. 111, a default was "satisfactorily explained as defendants and their counsel attested that failure to respond to complaint stemmed from parties' efforts to resolve matter in another forum."  USCS Fed Rules Civ Proc R 55.

Similarly, defendants here were actively engaged in settlement discussions with plaintiff, reasonably believing that their efforts to resolve the matter would obviate the need for formal litigation responses. Please see Exhibit 1 – Declaration of Faisal Gill. Both counsel for the parties agreed that resolution of this matter should take place prior to filing a responsive pleading. This good faith attempt at resolution demonstrates that the default was not the result of willful disregard for the judicial process.

B.     Plaintiff will not be prejudiced by setting aside the default.

The second factor requires consideration of whether setting aside the default would prejudice the plaintiff.  *Luna v. Rambo*, 273 F.R.D. 346. Prejudice may be shown if a party's ability to pursue their claim has been hindered since entry of judgment or by loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment. USCS Fed Rules Civ Proc R 60. However, "delay alone is not sufficient basis for establishing prejudice."  USCS Fed Rules Civ Proc R 60.

Here, plaintiff will not suffer any meaningful prejudice from vacating the default. The case is still in its early stages, no evidence has been lost, and plaintiff has not detrimentally relied

on the default entry. Moreover, as noted in *Westchester Fire Insurance Co.*, "plaintiff would not be prejudiced" where defendants moved to vacate default in similar circumstances involving settlement efforts. USCS Fed Rules Civ Proc R 55.

      C.      Defendants Have Meritorious Defenses

The third factor examines whether defendants have alleged meritorious defenses. *Luna v. Rambo*, 273 F.R.D. 346. In demonstrating good cause, the party moving to set aside a default must "provide an explanation for the default of [ ] give reasons why vacation of the default entry would serve the interests of justice." *Enka Insaat Ve Sanayi A.S. v. Gabonese Republic*, 406 F. Supp. 3d 84.

Defendants possess meritorious defenses to plaintiff's claims that warrant adjudication on the merits. Allowing this case to proceed to resolution on the merits serves the interests of justice and aligns with the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. USCS Fed Rules Civ Proc R 55.

The existence of numerous factual disputes between the parties establishes that defendants possess meritorious defenses. Courts have recognized that when considering whether a defendant presents a meritorious defense, they "search for either specific recitation of facts which support reasonable showing of meritorious defense or else at least credible allegations that such defense exists." USCS Fed Rules Civ Proc R 60.

The factual disputes present in this case create genuine issues that cannot be resolved without a full adjudication on the merits. These disputes provide Defendants with viable defenses that satisfy the low threshold required under D.C. Circuit precedent, which requires only "even a hint of a suggestion" of a complete defense. *Agha v. Republic of Iraq*, 2024 U.S. Dist. LEXIS 218001.

Specifically, Defendants outright deny all factual allegations set forth by Plaintiff except that she was a female who worked at La Vie restaurant. Please see Exhibit 2 – Proposed Answer. Further, Defendants argue that they have meritorious defenses of accord and satisfaction, release, waiver, and res judicata. Plaintiff signed a settlement agreement and accepted the settlement payment on July 8, 2021. The settlement agreement provided that Plaintiff released SRG Waterfront, LLC and all of its affiliates, subsidiaries, agents, employees, managers, directors, and officers from any and all actions, causes of action, claims, demands and damages related to her employment at SRG Waterfront d/b/a La Vie. Please see Exhibit 3 – Paris Settlement Agreement.

4. CONCLUSION

All three factors under the *Jackson v. Beech* test favor vacating the entry of default. *Olekanma v. United States*, 2014 U.S. Dist. LEXIS 142480. Defendants' default was not willful but resulted from good faith settlement efforts, Plaintiff will not be prejudiced by setting aside the default, and Defendants have meritorious defenses that deserve consideration on the merits. Accordingly, Defendants respectfully request that this Court grant their motion to vacate the clerk's entry of default.

Respectfully submitted,

s/s Faisal Gill
Faisal Gill
Gill Law Firm
1717 Pennsylvania Ave NW Suite 1050
Washington, DC 20006
(310)418-6675
fgill@glawoffice.com

Attorney for Defendants

CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that I served a copy of the foregoing Motion to Vacate Clerk's Entry of Default, by electronic delivery to all attorney of record via ECF on September 15, 2025.

Dated: September 15, 2025             ___/s/ Faisal Gill_____
                                                                  Faisal Gill