## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE is made by and among Priscilla Paris and her heirs, successors, executors, administrators, and assigns (collectively referred to as "Ms. Paris") and SRG WATERFRONT, LLC and their successors, assigns, divisions, parents, subsidiaries, related or affiliated companies or organizations (collectively referred to as the "SRG WATERFRONT Parties"), as well as NAEEM MOHD, AND RAJIV CHADHA and their successors, assigns, are referred to collectively as the "Parties."

WHEREAS, certain controversies, complaints, charges, and allegations arose out of or in connection with Ms. Paris's employment with and separation from SRG WATERFRONT, LLC; and

WHEREAS, the Parties desire to settle and resolve the current claims, charges, allegations, and disputes between them, without any admission by any Party of any wrongdoing or liability;

NOW IN CONSIDERATION of the promises provided for by this Settlement Agreement and Mutual Release, the sufficiency of which the parties acknowledge, the parties do hereby agree as follows:

1. **SETTLEMENT PAYMENT.** The SRG WATERFRONT shall pay, and Ms. Paris agrees to accept, the aggregate sum of FIVE Thousand and 00/100 Dollars ($5,000) (the "Settlement Payment"),

3. **RELEASE OF THE SRG WATERFRONT.** In consideration of the terms of this Agreement, Ms. PARIS hereby generally releases, acquits, and forever discharges the SRG WATERFRONT Parties and their affiliates, subsidiaries, agents, employees, managers, directors,

and officers from any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses, compensation, and any consequential damages of any kind whatsoever which she has and may have arising up to and including the date of execution of this Agreement, arising out of or relating to her employment SRG WATERFRONT, whether presently known or unknown, including but not limited to any claims or causes of action relating to any facts or issues in dispute. MS. PARIS shall not initiate or voluntarily participate in any claim, charge, complaint, or lawsuit for any matters covered by her waiver and release in this Agreement. This release does not include the SRG WATERFRONT Parties' obligations under this Agreement.

4.  **RELEASE OF NAEEM MOHD.** In consideration of the terms of this Agreement, MS. PARIS hereby generally releases, acquits, and forever discharges NAEEM MOHD from any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses, compensation, and any consequential damages of any kind whatsoever which she has and may have arising up to and including the date of execution of this Agreement, arising out of or relating to her employment with or termination from SRG WATERFRONT, whether presently known or unknown, including, but not limited to, any claims or causes of action relating to any facts or issues in dispute in the. MS. PARIS shall not initiate or voluntarily participate in any claim, charge, complaint, or lawsuit for any matters covered by her waiver and release in this Agreement. This release does not include the SRG WATERFRONT Parties' obligations under this Agreement.

5.  **RELEASE OF RAJIV CHADHA.** In consideration of the terms of this Agreement, MS. PARIS hereby generally releases, acquits, and forever discharges RAJIV CHADHA. and its affiliates, subsidiaries, agents, employees, managers, directors, and officers from any and all actions, causes of action, claims, demands, damages, costs, loss of service,

expenses, compensation, and any consequential damages of any kind whatsoever which she now has and may have arising up to and including the date of execution of this Agreement, arising out of or relating to her employment with or termination from SRG WATERFRONT LLC, whether presently known or unknown, including, but not limited to, any claims or causes of action relating to any facts or issues in dispute. MS. PARIS shall not initiate or voluntarily participate in any claim, charge, complaint, or lawsuit for any matters covered by her waiver and release in this Agreement. This release does not include the SRG WATERFRONT Parties' obligations under this Agreement.

6. **RELEASE OF PRISCILLA PARIS.** In consideration of the terms of this Agreement, the SRG WATERFRONT, NAEEM MOHD AND RAJIV CHADHA and their successors, assigns, divisions, parents, subsidiaries, related or affiliated companies or organizations, agents, employees, managers, directors, and officers hereby generally release, acquit, and forever discharge MS. PARIS from any and all actions, causes of action, claims, demands, damages, costs, expenses, compensation, and any consequential damages of any kind whatsoever, which they have and which they may have arising up to and including the date of execution of this Agreement, arising out of or relating to her employment with or termination from SRG WATERFRONT LLC, whether presently known or unknown, including but not limited to any claims or causes of action relating to any facts or issues in dispute. The SRG WATERFRONT NAEEM MOHD OR RAJIV CHADHA, shall not initiate any claim, complaint, or lawsuit for matters covered by their waiver and release in this Agreement. This release does not apply to the obligations of MS. PARIS under this Agreement.

7. **NO PENDING ACTIONS.** MS. PARIS represents and warrants that she has not initiated, participated in, or assigned, any claim, charge, complaint, or lawsuit against any of the

SRG WATERFRONT Parties, NAEEM MOHD AND RAJIV CHADHA, as to any issue or matter arising up to and including the date of execution of this Agreement.

8. **NO ADMISSIONS.** This Agreement represents a compromise and settlement of disputed matters that were or could have been raised. Accordingly, it shall not be construed as an admission or concession as to any alleged wrongdoing or liability of any of the Parties hereto.

9. **CONFIDENTIALITY.** MS. PARIS agrees that she will maintain the confidentiality of the Settlement Payment and other terms of this Settlement Agreement and Mutual Release and shall not disclose any information relating to the Settlement Payment and other terms of this Settlement Agreement and Mutual Release to any individual or entity other than her tax advisors, legal counsel, and those persons specifically designated by the SRG WATERFRONT Parties. MS. PARIS also shall agree that she will not disclose or otherwise discuss the matter or its underlying factual allegations including but not limited to, any of the text messages, photographs and videos relevant to the matter, with any individual or entity other than her legal counsel and those persons specifically designated by the SRG WATERFRONT Parties. Prior to disclosing the terms of this Settlement Agreement to any of the foregoing persons permitted to receive such information, MS. PARIS agrees that she will inform such persons of the existence of this Confidentiality provision and require that such persons be bound by it as if they were a party to this Agreement. MS. PARIS agrees that if she nevertheless is asked about the dispute or any claim, she may state, "The matter has been resolved", and may state nothing further. In the event that a subpoena, court order, or other form of legal process is served upon MS. PARIS seeking the disclosure of any information subject to this Confidentiality provision, MS. PARIS shall notify the SRG WATERFRONT Parties immediately, but not later than ten (10) days before any return date or other applicable deadline to disclose such

information so as to permit the SRG WATERFRONT Parties the opportunity to appear and quash or otherwise oppose such process.

11. **DISGORGEMENT.** If a court of appropriate jurisdiction and venue should find that MS. PARIS materially violated the Confidentiality section of this Agreement, MS. PARIS shall immediately repay the SRG WATERFRONT Parties the entire Settlement Payment of $5,000 plus interest at the rate of 6 % (six percent) per annum, in addition to the SRG WATERFRONT Parties' reasonable attorneys' fees and costs.

12. **NO RE-EMPLOYMENT.** MS. PARIS agrees not to seek employment or re-employment with any of the SRG WATERFRONT . or any subsidiaries or affiliates thereof.

13. **ACKNOWLEDGEMENTS.** MS. PARIS and the duly authorized representative(s) for the SRG WATERFRONT, NAEEM MOHD AND RAJIV CHADHA. acknowledge that they have carefully read and fully understand all of the terms of this Agreement including the releases contained herein, and that they enter into this Agreement knowingly and voluntarily.

14. **EXECUTION.** The Parties agree that the undersigned are fully authorized to execute this Settlement Agreement and Mutual Release and that all corporate formalities attendant to the execution of this Settlement Agreement and Mutual Release have been satisfied. The Parties also agree that this Agreement may be executed on different signature pages. Delivery of signatures by facsimile or .pdf will be accepted and are agreed by all parties to be treated the same as original signatures.

15. **GOVERNING LAW AND VENUE.** The Parties agree that the law and venue of the Washington DC shall govern this Agreement, and any issues or disputes arising hereunder.

The Parties herein personally submit to the jurisdiction of the Courts of the Commonwealth of Virginia and the federal courts located in the Commonwealth for purposes of the enforcement of the terms of this Agreement.

16. **ENTIRE AGREEMENT.** This Agreement constitutes the entire understanding between the Parties with regard to the matters set forth in this Agreement, and supersedes all prior agreements among or between any of the Parties. There are no oral or written representations, warranties, agreements, arrangements, or undertakings between the Parties that are not fully expressed in this Agreement.

17. **AMENDMENT.** Any amendment or modification to this Agreement must be made in writing and signed by all Parties. The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement. The drafting of this Agreement shall be deemed a mutual endeavor by all of the Parties, and shall not be construed against any single Party as the drafter.

18. **SEVERABILITY.** Should any part of this Agreement be found to be unenforceable, the rest of this Agreement remains valid and in full force and effect. The recitals appearing above are part of this Agreement. The headings contained in this Agreement are for convenience only.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement and Mutual Release as of the date set forth below.

7/8/2021
Date

PRISCILLA PARIS

SRG WATERFRONT, LLC

7/8/2024
Date

By: _____
Title: Member

7/8/2024
Date

_____
NAEEM MOHD

7/8/2024
Date

_____
RAJIV CHADHA

7